Present—Scudder, P.J., Centra, Peradotto, Lindley and Martoche, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN J. VERSTREATE, Appellant. [937 NYS2d 912]

Present—Scudder, P.J., Centra, Peradotto, Lindley and Martoche, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN J. VERSTREATE, Appellant. [937 NYS2d 912]

Present—Scudder, P.J., Centra, Peradotto, Lindley and Martoche, JJ.

(February 17, 2012)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL RUTTY, Appellant. [938 NYS2d 482]

Memorandum: On appeal from a judgment convicting him following a nonjury trial of criminal contempt in the first degree (Penal Law § 215.51 [b] [iii]), defendant contends that the verdict is against the weight of the evidence. We reject that contention. Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), and affording appropriate deference to Supreme Court's credibility determinations (*see People v Hill*, 74 AD3d 1782 [2010], *lv denied* 15 NY3d 805 [2010]), we conclude that the alleged deficiencies in the evidence are not so substantial as to render the verdict against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Finally, we note that the certificate of conviction incorrectly